# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| ANTQUAN DURPREE CLAY, <br><br> Plaintiff, <br><br> v. <br><br> SAN BERNARDINO COUNTY et al., <br><br> Defendants. | No. ED CV 19-00032-AG(DFM) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I. BACKGROUND

In 2016, Antquan Durpree Clay ("Plaintiff") filed a civil rights action in this Court pursuant to 42 U.S.C. § 1983. See Complaint, Clay v. San Bernardino Cty., No. 16-01147 (C.D. Cal. June 2, 2016), Dkt. 1. After the Court issued multiple orders dismissing Plaintiff's claims with leave to amend, Plaintiff filed a Third Amended Complaint (TAC). See TAC, id. (C.D. Cal. June 5, 2017), Dkt. 20. In the TAC, Plaintiff named as defendants San Bernardino County ("County"), John McMahon, Jane Doe, and E. Patino. See id. at 3-4. Plaintiff alleged that these defendants violated his rights during incidents that occurred on August 10, 2015, while he was a pretrial detainee at West Valley Detention Center (WVDC). See id. at 5-17.

The Court dismissed Plaintiff's California Penal Code Section 245(A)(1) claim with prejudice, dismissed Plaintiff's remaining state-law claims without

prejudice, dismissed Plaintiff's federal constitutional claims against McMahon, Doe, and the County with prejudice, and ordered service of the TAC on Patino based on Plaintiff's excessive force claim. See Report and Recommendation, Clay v. San Bernardino Cty., No. 16-01147 (C.D. Cal. Aug. 9, 2017), Dkt. 22 ("R&R"); Order Accepting Report and Recommendation, id. (C.D. Cal. Apr. 29, 2018), Dkt. 26 ("Order Accepting R&R"). Subsequently, the Court dismissed the action without prejudice due to Plaintiff's failure to prosecute his case. See Report and Recommendation, id. (C.D. Cal. Aug. 17, 2018), Dkt. 34; Order Accepting Report and Recommendation, id. (C.D. Cal. Sept. 28, 2018), Dkt. 36.

On January 7, 2019, Plaintiff filed a civil rights complaint in the instant case. See Clay v. San Bernardino Cty., Case No. 19-00032, Dkt. 1 ("Complaint"). Because the Complaint was not accompanied by the necessary filing fee, and because Plaintiff's request to proceed without prepayment of filing fees was incomplete, the Court ordered Plaintiff to submit a completed request to proceed without prepayment of filing fees. See Dkt. 5. Subsequently, Plaintiff filed a request to proceed without prepayment of filing fees, see Dkt. 7, which the Court granted, see Dkt. 8, and the operative First Amended Complaint (FAC), see Dkts. 6, 6-1.

In the FAC, Plaintiff names four defendants: (1) the County; (2) Facility Sergeant C. Castillo; (3) Custodial Personnel E. Patino; and (4) Supervisory Custody Specialist Jane Doe. See Dkt. 6 at 3, 18. Plaintiff names Patino in his individual and official capacity, and names the remaining defendants in their individual capacity only.[1] See id. Like the TAC in Plaintiff's 2016 civil rights case, the FAC alleges that Plaintiff's civil rights were violated during incidents

---

[1] Plaintiff names the County in its individual capacity. A county does not have an "individual capacity," only an official one.

that occurred at WVDC on August 10, 2015. See id. at 3-20; Dkt. 6-1 at 1-5. Moreover, the FAC names three of the same defendants as the TAC, using several of the same causes of action. See Dkt. 6 at 3-9, 15-20; Dkt. 6-1 at 1-5.

In accordance with 28 U.S.C. § 1915(e)(2), the Court must screen the FAC to determine whether the action is frivolous or malicious; fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arise out of his pretrial detention at WVDC. See Dkt. 6 at 2-3. On August 10, 2015, Patino ordered Doe to open the cell door to unit 6/B/6. See id. at 16. Inmate Wall, whose hands were wrapped in ripped pieces of linen, was within both Patino's and Doe's sightline at the time. See id. at 16-17. No custodial personnel were present inside the module. See id. at 7. When Doe opened the door, Wall "entered the restricted area" and struck Plaintiff in the face with concealed knuckles, causing Plaintiff's face to swell and "busting his lip." Id. at 17; Dkt. 6-1 at 1. Meanwhile, inmate Brown entered the area and used a shank to strike Plaintiff from behind, causing "a puncture and swelling to his head." Dkt. 6-1 at 1. Afterward, Plaintiff backed out of his cell and his assailants returned to their living quarters when they saw Johnson and other custodial personnel watching "from the Johnson door." Id. at 2, 5.

At this point, Plaintiff was standing underneath a mounted television. See id. at 2. Patino entered the module, told Plaintiff to "get down" and "instantaneously" shot him with a Taser gun in the left side of his head and left forearm. Id. at 2, 4. Patino used the gun on Plaintiff for one to three minutes, causing Plaintiff to slide down the wall and hit the back of his head. See id. at 2. Plaintiff's head injury caused swelling and a "large hematoma," and Plaintiff was hospitalized for five days following the incident. Id. at 2, 5. Plaintiff alleges that Patino used excessive force, failed to protect him from

assault by other inmates, and failed to report Plaintiff's assault by other inmates. See Dkt. 6 at 16-17.

Plaintiff alleges that the County and Castillo failed to supervise and train Patino and Doe. See id. at 3, 10-14, 20. Plaintiff also alleges that both defendants failed to protect him. See id. at 14; Dkt. 6-1 at 1.

Plaintiff complains that defendants violated his Fourteenth Amendment rights.[2] See Dkt. 6 at 19. Plaintiff also invokes a number of California state laws: "[b]reach of [c]ontract," Article 1, Section 7 of the California Constitution, California Government Code § 820.2, California Business and Professional Code § 125.6, California Civil Code § 51, California Penal Code §§ 242, 244.5, 673, 2080, and 3407, and numerous provisions of Title 15 of the California Code of Regulations.[3] See id. at 3, 5-16, 20; Dkt. 6-1 at 2. Plaintiff seeks compensatory and punitive damages. See Dkt. 6-1 at 6.

### III. STANDARD OF REVIEW

Dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (as amended). The complaint is construed in the light most

---

[2] Plaintiff also claims that Defendants violated his Fourth Amendment rights "to be safe and secure in [his] person." See Dkt. 6 at 19-20. The Court finds that Plaintiff's constitutional claims are more properly analyzed under the Due Process Clause of the Fourteenth Amendment. See Mistriel v. Kern Cty., No. 03-06922, 2010 WL 1494821, at *6 (E.D. Cal. Apr. 14, 2010) (finding that plaintiff's failure-to-protect claims were "more properly construed under the Due Process Clause of the Fourteenth Amendment, rather than the Fourth Amendment"); Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989) (noting that Fourteenth Amendment's Due Process Clause protects pretrial detainees from "excessive force that amounts to punishment").

[3] Plaintiff also alleges that Patino violated a nonexistent provision of the California Government Code, Section 3153.5. See Dkt. 6 at 16.

favorable to Plaintiff and all material allegations are taken to be true. See Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id. Before dismissing a pro se civil rights complaint for failure to state a claim, the district court "must give the plaintiff a statement of the complaint's deficiencies." Id.

## IV. DISCUSSION

### A. County

Plaintiff alleges that the County failed to protect him and failed to supervise and train Patino and Doe. See Dkt. 6 at 3-9, 20. These allegations are duplicative of the allegations Plaintiff raised in the TAC for his 2016 case. See TAC at 5-8. Because the Court already dismissed these claims with prejudice in Plaintiff's 2016 case, Plaintiff may not re-allege them here. See R&R at 7-8, 11; Order Accepting R&R at 1. Accordingly, Plaintiff's federal claims against the County are subject to dismissal.

### B. Patino

#### 1. Official-Capacity Claims

Plaintiff names Patino as a defendant in his official capacity. See Dkt. 6 at 3. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. As "custodial personnel" at WVDC, Patino is an officer or agent of the County. See Dkt. 6 at 3. Therefore, all of Plaintiff's claims against Patino in his official capacity are tantamount to claims against the County.

Plaintiff brings constitutional claims against Patino based on use of excessive force and failure to protect Plaintiff from assault by other inmates. See id. at 16-17. Because Plaintiff effectively brings these claims against the County, they are duplicative of the allegations that Plaintiff raised against the County in the TAC for his 2016 case. See TAC at 5-8. The Court's dismissal with prejudice of Plaintiff's federal claims against the County in the 2016 case forecloses Plaintiff's official-capacity claims against Patino. See R&R at 7-8, 11; Order Accepting R&R at 1. Accordingly, Plaintiff's official-capacity claims against Patino are subject to dismissal.

#### 2. Individual-Capacity Claims

Plaintiff's allegations suffice to state an excessive force complaint against Patino. The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To prove an excessive force claim under § 1983, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." Kingsley v.

Hendrickson, 135 S. Ct. 2466, 2473 (2015). "[O]bjective reasonableness turns on the facts and circumstances of each particular case." Id. (citation omitted). Factors that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id. Here, taking Plaintiff's allegations as true, his attackers had departed, he was standing still, and Patino tased him in the head and the forearm without warning for at least one minute. See Dkt. 6-1 at 2, 4. Under these allegations, there was no apparent need for force, and Plaintiff was not resisting. Patino's use of force was therefore objectively unreasonable. Therefore, the FAC successfully states an excessive force claim against Patino in his individual capacity.

However, the FAC fails to state a failure-to-protect claim against Patino. As a pretrial detainee, Plaintiff's failure-to-protect claim against Patino arises under the Fourteenth Amendment's Due Process Clause. See Castro v. Cty. of L.A., 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). The elements of a pretrial detainee's failure-to-protect claim under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused plaintiff's injuries. See id. at 1071. The third element requires that the defendant's conduct be

"objectively unreasonable," reflecting a state of mind "akin to reckless disregard." Id.

Although Plaintiff alleges that Patino "g[ave] the verbal order" for Doe to open the cell door, which ultimately led to Plaintiff's assault by Wall and Brown, Plaintiff does not allege facts establishing that it was objectively unreasonable for Patino to do so. Dkt. 6-1 at 3; Castro, 833 F.3d at 1071. Because Plaintiff provides no details about where he and his assailants were located at the moment that Patino gave the order, Plaintiff's allegation that Patino could see that Wall's hands were wrapped in pieces of linen does not suffice to show that Plaintiff faced a substantial risk of suffering serious harm. See Dkt. 6 at 16; Castro, 833 F.3d at 1071. Similarly, that Patino watched the assault from the Johnson door does not suffice to show his conduct was unreasonable, because Plaintiff alleges no facts sufficient to show that Patino did not take reasonable available measures to prevent or shorten the attack. See Dkt. 6-1 at 2. Finally, Plaintiff's allegation that Patino later failed to report the attack does not support a failure-to-protect claim because this omission cannot be said to have "caused" Plaintiff's injuries. Castro, 833 F.3d at 1071; Dkt. 6 at 16. Plaintiff's failure-to-protect claim against Patino in his individual capacity is therefore subject to dismissal.

**C.    Castillo**

In addition to alleging that Castillo failed to protect him, Plaintiff names Castillo as a defendant based on his alleged failure to supervise and train Patino and Doe. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676. However, in cases where the applicable standard is deliberate indifference, Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."

Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Id. (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). "'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" Id. at 1208 (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998)).

Aside from asserting that Castillo was required to supervise and train Patino and Doe, Plaintiff provides no facts to support his conclusory allegations that Castillo failed to do so. See Dkt. 6 at 3, 10-14. Plaintiff also does not set forth any facts suggesting that Castillo personally participated in or knowingly acquiesced to any of the alleged constitutional violations. See Starr, 652 F.3d at 1207. As to Plaintiff's failure-to-protect claim, Plaintiff does not allege any facts about Castillo's actions or omissions at the time of the assault that would allow the Court to conclude that his conduct was objectively unreasonable. See Castro, 833 F.3d at 1071. Therefore, Plaintiff fails to state a claim against Castillo.

**D.  Doe**

Plaintiff alleges that Doe failed to protect him from his assault by other inmates. See Dkt. 6 at 17; Dkt. 6-1 at 4. This claim is identical to the failure-to-protect claim Plaintiff raised against Doe in the TAC from his 2016 case. See TAC at 14-15. The Court's dismissal with prejudice of Plaintiff's failure-to-protect claim against Doe precludes Plaintiff from re-alleging the same claim here. See R&R at 8-9, 11; Order Accepting R&R at 1. Accordingly, Plaintiff's federal claim against Doe is subject to dismissal.

### E. State-Law Claims

As an initial matter, Plaintiff's claims under California Penal Code §§ 242, 244.5, 673, 2080, and 3407 do not state a cause of action. A private right of action under a criminal statute has rarely been implied. See Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." Id. (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). Here, Plaintiff does not argue that a private cause of action is implied in these provisions of the California Penal Code, and there is no indication in those statutes that civil enforcement is available to him. See, e.g., Lopes v. Fremont Freewheelers, No. 07-06213, 2008 WL 3304944, at *6 (N.D. Cal. Aug. 7, 2008) (dismissing plaintiff's claim under § 242 and finding "no indication that civil enforcement of this statute [was] available to plaintiff"); Jones v. Virga, No. 11-03000, 2012 WL 1868669, at *4 (E.D. Cal. May 22, 2012) ("California Penal Code § 673 includes no provision for civil enforcement of any kind that is available to plaintiff.")

Similarly, Plaintiff's claims under Title 15 of the California Code of Regulations are similarly defective because no private right of action is available to Plaintiff. See, e.g., Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012) ("There is no implied private right of action under title fifteen of the California Code of Regulations."); Johnson v. Kernan, No. 16-07996, 2018 WL 6137170, at *8 (C.D. Cal. June 1, 2018) (dismissing plaintiff's claims based on violations of California regulations governing prisons because "the regulations in question do not provide a private right of action").

As to Plaintiff's remaining state-law claims, the California Government Claims Act requires that claims for money damages against a public entity or its employees be presented to the public entity's board within six months after the cause of action accrues. See Cal. Gov't Code §§ 911.2, 945.4. The claim

must include a "general description of the . . . injury . . . so far as it may be known at the time of presentation of the claim." Cal. Gov't Code § 910(d). If a claim is filed between six months and a year after the cause of action accrues, then the claimant may apply to present a late claim. See Cal. Gov't Code § 911.4. The claim presentation requirement is an element of a cause of action for damages against a public entity or official, and failure to present a claim will result in dismissal of state-law claims. See State v. Superior Court, 32 Cal. 4th 1234, 1240-41, 1244 (2004). Federal courts thus require presentation for state-law claims that seek damages against state public employees or entities. See Karim-Panahi, 839 F.2d at 627 (finding that failure to comply with Act's claim-filing requirements bars pendent state-law claims). Thus, state-law claims may proceed only if the claims were first presented as required by the Act. See Volis v. Hous. Auth. of L.A. Emps., 670 F. App'x 543, 544 (9th Cir. 2016) (finding that district court properly dismissed state-law claims because plaintiff "failed to file a timely claim as required by the California Government Claims Act"). Because Plaintiff does not allege that he complied with the Act through timely presentation of his claims, his remaining state-law claims are subject to dismissal.

## V.  CONCLUSION

For the foregoing reasons, nearly all of the FAC are subject to dismissal. Because it is not absolutely clear that the FAC's deficiencies cannot be cured by amendment, this dismissal is with leave to amend.[4] Accordingly, if Plaintiff desires to pursue his claims, he must file a Second Amended Complaint ("SAC") within thirty-five (35) days of the date of this Order, remedying the

---

[4] Although the FAC is dismissed with leave to amend, the Court advises Plaintiff that any effort to re-allege claims that were previously dismissed by this Court with prejudice in Case No. 16-1147 may result in a recommendation to the District Judge that those claims be dismissed with prejudice.

deficiencies discussed above.[5] The SAC should bear the docket number assigned in this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use.

**Plaintiff is admonished that if he fails to timely file an SAC, this action may be dismissed with prejudice for failure to diligently prosecute and for the reasons discussed in this Order.**

Date: August 15, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[5] Alternatively, Plaintiff may elect to file an SAC that is limited to his § 1983 excessive force claim against Patino in his individual capacity. The Court will likely order service of such a complaint.