UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. ED CV 19-00032-AG (DFM) | Date: February 26, 2021 |
| Title Antquan Durpree Clay v. San Bernardino County, et al. | |

| | |
|---|---|
| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re: Current Address; Order re: Motion for Summary Judgment

On January 11, 2021, the Court issued an order to show cause for Plaintiff's failure to file a case management report as the Court had previously ordered. See Dkt. 36. This order was returned to the Court as undelivered. See Dkt. 40.

Local Rule 41-6 requires a party proceeding pro se to "keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. The Rule allows for dismissal for failure to comply: "If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."

Accordingly, Plaintiff is ordered to provide a current address to the Court within fourteen (14) days of this order. Failure to do so may result the case being dismissed with prejudice for failure to prosecute. Once Plaintiff has done so, he will have an additional fourteen (14) days to file his completed Notice of Submission.

Additionally, Defendant has noticed a Motion for Summary Judgment before the District Judge. See Dkt. 37. This matter has been referred to the Court for preliminary matters. See Dkt. 3. Accordingly, the noticed hearing is VACATED.

If Plaintiff opposes the motion for summary judgment, he is ordered to file and serve his opposition papers on or before March 12, 2021. If Plaintiff serves an opposition, Defendant is ordered to file and serve a reply thereto within fourteen (14) days of service. Defendant's motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

will be taken under submission as of the date Defendant's reply is due and be decided without oral argument. See Local Rule 7-15.

Pursuant to Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc), and Woods v. Carey, 684 F.3d 934, 935-40 (9th Cir. 2012), Plaintiff is advised of the following requirements for opposing a motion for summary judgment under Federal Rule of Civil Procedure 56 and Local Rule 56.

NOTICE TO PLAINTIFF OF REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 56 AND LOCAL RULE 56

The defendant has made a motion for summary judgment by which he seeks to have your case dismissed. A motion for summary judgment under Federal Rule 56 will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, there is no real dispute about any fact that would affect the result of your case – and the party moving for summary judgment is entitled to judgment as a matter of law. If no genuine factual dispute exists and the party who asked for summary judgment is entitled to judgment as a matter of law, your case will end. When a party you are suing makes a motion for summary judgment that is supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in defendants' declarations and documents in order to show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, defendants' evidence will be accepted as true and summary judgment may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

In addition, pursuant to Local Rule 56-2, you must file and serve with your opposing papers a separate document entitled "Statement of Genuine Disputes," which concisely sets forth all material facts that establish the existence of a factual issue to be litigated. The "Statement of Genuine Disputes" should specify, for each of the facts listed as uncontroverted in defendants' "Statement of Uncontroverted Facts and Conclusions of Law," whether you concede that the fact is undisputed and, if not, the evidence you believe establishes that the fact is disputed. The statement should also list all other material facts you contend are in dispute, and it should specify for each fact the evidence you believe establishes the dispute.

If you fail to timely file an opposition to the motion for summary judgment, the Court may deem that failure to be consent to the granting of the motion. See Local Rule 7-12.